Gray, *et al. vs.* Lawson.

JOHN D. GRAY, *et al.* plaintiff in error, *vs.* HOWELL LAW-
SON, for the use of MARY L. PRESTWOOD, defendant in
error.

1. In an action for a *tort*, the parties cannot, by a settlement between
themselves, defeat any lien or claim which the attorney may have
under a contract with his client, of which the opposite party had notice
prior to the consummation of such a settlement. The mere fact that an
attorney appears in the cause is not such notice. The party must have
notice of the claim under a special contract to affect him.

2. If the attorney have a lien or claim by special contract, the Court, in
a case of *tort*, should not direct a verdict to be taken for the value of
the attorney's services ; but should send the case to the jury upon the
merits, as between plaintiff and defendant ; and if a verdict be found
sufficiently large, the attorney can be paid thereby, otherwise not.
Whether the defendant in such a case shall pay the fees of the attorney
for the plaintiff, must depend upon the recovery by the plaintiff in a
trial upon the merits of the cause sued on.

Motion to enter Judgment for Attorney's Fees. Decided
by Judge MILNER. Catoosa Superior Court. May Term,
1867.

On the 23d of October, 1866, Mary L. Prestwood, by her
next friend, sued John D. Gray and wife, for maliciously
prosecuting her for larceny, and imprisoning her under a
warrant therefor. The declaration was signed by A. T.
Hackett, as her attorney.

It was called for trial in May, 1867, when it was made
known to the Court that the parties had independently of,
and without the knowledge of Hackett, settled the case, and
defendants' attorneys proposed to have it entered settled.

Hackett resisted this and moved the Court to allow him
to take a judgment against the defendants for his fee. The
Court allowed an issue made up and submitted to the jury.

Hackett examined J. A. W. Johnson, who testified : that
Hackett's services as attorney in the case, were worth one hun-
dred dollars, and closed.

Defendant's attorneys examined Hackett, who testified :
that his said services were worth at least $25, and that defend-
ant had no special notice from him " of the existence of his
lien" before the consummation of the settlement.

The Judge, understanding that the parties agreed that a verdict should be taken according to the opinion of the Court, directed the jury to find for the movant against said defendants, twenty-five dollars. This they did, and judgment was entered accordingly.

The defendants say the Judge erred generally, and ask a reversal by this Court.

ANDERSON & SHEPHERD, for plaintiffs in error.

A. T. HACKETT, for defendant in error.

WALKER, J.

1. There was no evidence that the defendants in the Court below had any notice of the attorney's lien, prior to the consummation of the settlement. It is not pretended that the settlement was made for the purpose of defeating the collection of the amount which might be due the attorney. Good faith on the part of defendants and their counsel is admitted. Parties cannot, by settlement between themselves, defeat the attorney of any lien or claim under contract with his client, of which the opposite party had notice prior to the consummation of such settlement. Rev. Code, Sec. 1980. An attorney may have a lien or claim under contract with his client in cases of *tort*, as in cases of contract; but it must exist by contract, and will affect the opposite party only where he has notice thereof, prior to the consummation of a settlement of the case. The mere fact that an attorney appears in the cause, is not such notice as is contemplated by the section quoted ; the defendant should have notice of the claim of the attorney under a special contract with his client; otherwise, a settlement made in good faith with the opposite party, will be upheld. What is here said does not apply to liens of attorneys, except in a case like this, where a party in good faith settled a lawsuit without notice of any lien or claim of the attorney by contract with his client.

2. If the facts had been such as to show a valid lien under contract in favor of the attorney, the Court should have sent

Gray, *et al. vs.* Lawson.

the case to trial upon the merits, as between plaintiff and defendant, and if the jury should find, in favor of the plaintiff, an amount sufficient to pay the attorney his claim, well and good. The right of the plaintiff's attorney to recover his fee from defendant, must be determined by the finding of the jury. If the plaintiff have a valid cause of action, a recovery may be had; and if the jury, from the law and evidence, find there is due to the plaintiff an amount sufficient to pay the attorney's claim, a verdict and judgment should be entered for the amount due him. Of course the settlement made with the party plaintiff is a protection against any claim he may have. It may appear on the trial that the plaintiff had no sufficient cause of action ; or if his action be maintainable, he may be entitled to mere nominal damages, much less than the claim of the attorney for his services ; in either event the defendant should not be made to pay for the benefit of the attorney, more than the plaintiff had a right originally to recover. To allow the attorney to recover the amount of his claim, by contract with his client, from the opposite party, without first showing that the opposite party was liable for so much, would be unjust. There was no evidence before the jury that the plaintiff had any real cause of action against the defendants, and it was error to permit a verdict to go against them without such evidence. It would have been error even if the proper notice of the attorney's claim had been shown before the consummation of the settlement.

Judgment reversed.