ARNOLD W. GREEN, plaintiff in error, *vs.* SOUTHERN EX-
PRESS COMPANY *et al.*, defendants in error.

The same parties *vice versa.*

(McCay, J., having been of counsel in this cause, did not preside.)

When an action of trespass is brought, and pending the action, the par-
ties, plaintiff and defendant, settle the case, and plaintiff receives,
from the defendant, the amount agreed upon in settlement and satis-
faction for the injury; and the defendant, at the time of such settle-
ment, has *no notice* of any claim of plaintiff's counsel for fees, for
prosecuting said suit, other than the pendency of such suit, the
defendant is not liable to pay the fees of plaintiff's counsel, and the
suit cannot be prosecuted in the name of the plaintiff for the use of his
counsel for the recovery of their fees.

Trespass *vi et armis.* Lien of attorneys. Settlement.
Tried before JAMES J. SCARBOROUGH, Esq. Sumter Supe-
rior Court. October Term, 1868.

Green sued the Southern Express Company and others
for false imprisonment, and obtained a verdict against the
Company for $5,000 00. The Company appealed. At the
appeal trial, many questions were made, and come here in
these bills of exceptions for review. As they were not
passed upon by this Court, they are omitted. The record
shows the following facts concerning the only point decided
by this Court, *i. e.,* whether, in this case, there could be a
recovery for the benefit of Green's attorneys, notwithstand-
ing Green had settled the case with the Company.

Green's bill of exceptions says that the defendant relied
upon certain admitted facts, to-wit: that Green and the
Company had agreed on terms of settlement for said arrest,
and the Company paid him the sum agreed upon, and he
accepted it in full satisfaction of all claim against the Com-
pany in his favor on that account, and that this settlement
was made pending this suit, but without notice of any claim
by Green's attorneys for fees, unless the pendency of the suit
was notice. Goode & Hawkins, Green's attorneys, relied
upon a written contract, by which Green employed Goode to

Green *vs.* Southern Express Company.

bring said suit, agreeing to pay him half the recovery, and giving Goode power to settle, compromise, submit to arbitration, or otherwise manage said cause as he saw fit, and upon Hawkins having agreed to join Goode for half of said conditional fee.

The bill of exceptions filed by the Company states that, besides what is stated above, Goode testified that before the first trial, he wrote to the Company, advising it of his fee of one-half of the recovery, and offered to take $250 00 for himself and Hawkins, and settle the case. Green's bill of exceptions is certified to as true by Judge Clark, and the Company's, by Judge Scarborough, before whom the case was tried. He charged the jury that parties could not, by a settlement between themselves, defeat the attorney's lien or claim under a contract with his client, of which the opposite party had notice before such settlement was consummated, but that the mere pendency of the action was not such notice of Green's agreement with his counsel as to fees. The jury found a verdict of $5,000 00 against the Company, for Green's counsel. The Company moved for a new trial, upon various grounds, among others, that the verdict was contrary to said charge, the evidence as to settlement, etc. Judge Scarborough granted a new trial upon said ground, and overruled it on the others.

Green assigns as error his granting of a new trial, etc., and the Company assigns as error his overruling said other grounds in its motion.

C. T. GOODE, W. A. HAWKINS, for Green.

LYON & DEGRAFFENREID, for Southern Express Company.

BROWN, C. J.

Both parties are dissatisfied with the ruling of the Court in this case; and each tendered a bill of exceptions, assigning various errors which they alleged were committed upon the trial. After a careful examination of the record, we deem it unnecessary to decide but a single point.

It was admitted by the parties, for the purposes of this trial, that the Southern Express Company had settled this case with Green, the plaintiff, and had paid him the amount agreed upon, which he had accepted in full satisfaction for the injury; that this settlement was made pending this suit, but *without notice* of any claim of Green's attorney for fees, unless the pendency of the suit was notice.

We hold that the pendency of the suit is not such notice to the defendant, of the contract as to fees between plaintiff and his counsel, or of the fact that the fees have not been paid, as is necessary to bind the defendant to pay the fees, in case of a settlement between him and the plaintiff. We rest this case upon the authority of *Gray vs. Lawson,* 36 *Ga.,* 629. And we affirm the judgment of the Court below granting a new trial.