Thompson, J.
delivered the opinion of the court.
The covenants contained in the articles upon which this suit is founded, must be considered mutual and independent. The instrument is dated in February, 1805, by which the defendant covenants to pay the plaintiff’750 dollars, part of the consideration money for the work on the first day of May then next. This was a time prior to that fixed for the completion of any part of the work. The plaintiff’s right of action for the 750 dollars accrued on the first of May; but at this time he could not aver a performance on his part, nor was he under any obligation to have been in a situation to make the averment. Where parties, therefore, by their contract, place themselves in this situation, their covenants must necessarily be considered mutual and independent, so as not to render it necessary to aver performance. This rule of construction was adopted by Lord Holt, in the case of Thorpe v. Thorpe, (12 Mod. 461.) He observes, that if a day be appointed for the payment of the money, and that day is to happen, before the thing to be done by the other party can be performed, an action may be brought for the money before the thing be done, for it appears the party relied on his remedy, and intended not to make the performance a condition precedent. And in the case of Terry v. Duntze, (2 H. Black. 389.) the court say it is a rule long since established, in the construction of covenants, *274 that if any money is to be paid, before the thing is to be done, the covenants are mutual and independent.(a.)
If, in the case before us, the covenants are to be considered as mutual and independent, no averment of performance was necessary, and of course the demurrer is not well taken.
We are accordingly of opinion, that the plaintiff is entitled to judgment.
Judgment for the plaintiff.*

 See Green v. Reynolds, ante, 207.

) Vide Wilcox v. TenEyck, 5 John. Rep. 78. Bennet v. the Executors of Pixley. 7 John. Rep. 249. Where the defendant covenanted with the plaintiff to pay certain money to T. on a certain day, and the plaintiff covenanted that on the defendant’s so paying, he, the plaintiff, would give up and discharge a certain bond and mortgage; held, that the payment was a condition precedent to the performance on the part of the plaintiff; who might sue for the non-payment without showing a performance, or offer to perform on his part; nor could the defendant plead the want of such performance, op offer tp perform. Nortbrup v. Northrup. 6 Cow. 296.