CHESTER M. CLARK, Receiver of, etc., WILLIAM SHERMAN, *v.*
WILLIAM N. BROCKWAY.

The receiver of an insolvent debtor held among his assets notes of B., also
held a note of the insolvent debtor, upon which he had obtained judg-
ment against the receiver. In an action by the receiver against B.
upon his notes, the latter claimed this judgment as a set-off.

*Held*, that the judgment of B. against the receiver only, determined the
legal validity of his claim, but it must take its chances of payment with
other valid debts against the estate of the insolvent. To allow it as a
set-off would be to give him a preference over other creditors to which,
in this case, he was not entitled.

The fact that B.'s notes were given to assignees of the debtor, under an
assignment afterward set aside by the action under which the receiver
was appointed, gave to B. no lien against the notes by virtue of his
claim against the insolvent debtor's estate, subject to which the receiver
took title.

HUNT, J. On the 1st day of September, 1856, Wm. Sher-
man made a general assignment, for the benefit of creditors,
to John Sherman, James A. Sherman and Erasmus Bowen.
On the 13th of October, 1856, James Horton commenced an
action to set aside this assignment, on the ground that it was
fraudulent and void against creditors, and on the 13th of Octo-
ber, 1857, entered a decree adjudging the same to be fraudu-
lent and void, directing the payment of his debt of $6,000 from
the assigned property, and appointing the plaintiff, in this
action, receiver. On the 1st of January, 1857, which was
intermediate the commencement of Horton's suit and the
obtaining his decree, and after the execution of the original
assignment, the defendant made and delivered to the assignees
of Wm. Sherman, as such assignees, his two promissory notes,
bearing date of that day, payable at once, and which notes,
at the time of the trial, amounted to $272.62. These notes
passed to the plaintiff as such receiver, and the present
action was brought to recover the amount of them.

It also appeared that on the 6th day of December, 1856,
which was after the assignment and after the commencement
of Horton's proceedings in hostility to the same, the defend-

ant became the owner and holder of a promissory note, made by Wm. Sherman, for $300.49, dated March 21, 1856, and that on the 28th of September, 1857, he commenced an action against Sherman and recovered judgment on the note for $345.48, which was docketed October 22, 1857. On the 13th December, 1858, the defendant commenced an action against the assignees and the receiver, asking that the receiver should pay his said judgment out of the assets ir his hands. A judgment was rendered directing such payment. Upon these facts the question was presented to the court, whether the defendant was entitled to have his judgment, or enough thereof to equal the amount, set off against the amount due upon his said notes, and that his judgment should be canceled to that extent. The judge at the circuit directed a verdict in favor of the plaintiff for the amount of the notes in suit, subject to the opinion of the court, and at the General Term of the sixth district, judgment was ordered in favor of the plaintiff, thus denying the defendant's claim of set-off. The defendant now appeals to this court.

The defendant, in his suit against the present plaintiff, as receiver, and others, recovered a judgment, directing the receiver to pay the amount of the notes held by him, $345.48, with the costs, and he claims that judgment to be decisive of the present suit. In this I think he errs. His judgment is a legal determination of the validity of his claim, but it does not determine when it shall be paid, or what, if any, shall be its preference over other debts. By obtaining an offset against the notes in suit, the defendant would at once obtain payment of his claim to that amount, and this without regard to the amount of debts or assets applicable to the general settlement of Wm. Sherman's affairs. He might thus obtain a large proportion or the whole of his debt, while others, equally entitled, might be compelled to accept a much smaller proportion. This the law does not allow. Equality in the payment of debts by a receiver is the rule of law, unless by diligence, or for some special reason, a preference is declared of one creditor, or of one class, over creditors generally. No such circumstance exists in this

case, and the judgment is to be regarded as determining simply the validity of the plaintiff's claim on the notes held by him. His debt is adjudged to be valid, but it must take its chances of payment with other valid debts in the general administration of the estate of Wm. Sherman.

The defendant also claims that the title to the notes in suit became vested in the plaintiff, as receiver only, from the time of his appointment as such; that he obtains his title by the act of the law, and not by or through the assignees. It is further claimed that the receiver took title to the notes subject to all liens and equities then existing against them; that the defendant's right to a set-off against Sherman was perfect; and, as the receiver derives his title by the act of the law, through Sherman, the right to the set-off remains perfect against the present plaintiff, the receiver.

It is true that the present action is not brought by the assignees, nor by one acquiring title from them. It is true that the plaintiff does not hold under the assignees, but directly from the assignor, under an order directing an assignment by him to the plaintiff as receiver. It is also true that, as to some classes of property, his title commences from the filing of the order directing the appointment of a receiver; that it relates back to the date of that order only, overreaching all intermediate liens. To this effect are the following cases, viz.: *Chautauqua County Bank* v. *Risley* (19 N. Y. 374); *Porter* v. *Williams* (5 Seld. 149); *Van Alstyne* v. *Cook* (25 N. Y. 489); *Becker* v. *Torrance* (31 N. Y. 631); Code 1862, § 298.

A distinction, however, is established by the cases, as to the kind of property to which this principle is applied. It is conceded that, as to real estate, and as to tangible personal estate, the law is as claimed by the appellant. In other words, if the appellant had issued an execution upon his judgment and levied upon the real estate or upon the horses and cattle, held under the assignment, the subsequent appointment of a receiver would not have diverted his lien. This circumstance, however, did not exist in the case before us. On the contrary, the fund which the appellant seeks to

appropriate in part satisfaction of his debt was not the subject of a levy, but existed in the form of a chose in action in the hands of the assignees. The filing of the bill in equity by Horton, seeking to set aside the assignment and asking that all the funds, so far as might be needed, should be applied in satisfaction of his debt, created a lien on all the assigned property in the form of choses in action. (See authorities, *supra.*) The set-off claimed by the appellant, if allowed, would destroy this lien, and give him preference in the payment of his debt. It cannot be allowed.

It is to be observed, further, that the notes in suit were never the property of William Sherman. They were given to his assignees. For what precise purpose, or upon what consideration, is not disclosed in the case. Nor is it material. When the assignment was vacated, it was vacated as to creditors only. The title to the notes did not thereupon vest in William Sherman. As to him, every thing in which he was interested passed perfectly under the assignment, and did not so vest in him when the assignment was set aside. The law transferred the title of the notes from the assignees to the receiver, no gap intervening. If he had ever had title to the notes, it would not have returned to him on the setting aside of the assignment. But he never had title at any time.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.