WILLIAM MORROW, plaintiff in error, vs. THE MERCHANTS' AND PLANTERS' BANK, defendant in error.

[1] Amendment to declaration, adding the name of a usee, disallowed, because the effect of it would have been to deprive defendant of the benefit of setting off bank notes issued by the plaintiff, an incorporated Bank.

[2] Had the amendment been proper, the plea of set-off ought to have been stricken ; but as the allowance of the amendment was error, so, also, was the striking of the plea.

Complaint.   In Terrell Superior Court.   Tried before Judge CLARKE.   November Term, 1866.

Upon a draft for six thousand dollars, drawn by Robert Morrow upon William Morrow, the plaintiff in error, payable to John V. Price, dated April 2d, 1860, due at six months, and endorsed, in blank, by Price, the payee, the Merchants' and Planters' Bank brought an action against the said William Morrow, returnable to the May Term, 1861, of Terrell Superior Court.

Morrow, the defendant below, filed several pleas, to-wit : (1) The general issue ; (2) That the draft was never negotiated to, or owned by the Bank, but was the property of Philip J. Giles & Co., who advanced upon it to the drawer three thousand dollars, and took the draft to hold as collateral security therefor ; (3) That the consideration of said draft was not six thousand dollars, but three thousand dollars, which latter sum the defendant admitted, by his plea, to be due and offered to pay.

At November Term, 1866, the case came on for trial, when the Court, against the objection of defendants counsel, permitted the plaintiff to amend the declaration by adding after the name of the Bank, the words " who sues for the use of William R. Phillips," counsel for plaintiff stating that Phillips was the real party at interest.

The defendant having filed an additional plea, to-wit : That he has deposited in the Clerk's office of the Court the amount which he owes or can owe on said draft, in the bills of said Bank, and that said money, to-wit, four thousand four hundred dollars, there on deposit, he tenders in payment, and

offers to set off against the demand of said plaintiff," counsel for plaintiff moved to strike out said plea. The Court granted the motion, and ordered the plea stricken.

The errors assigned are, first, the allowance of the amendment to the declaration; secondly, the striking of defendant's plea.

MORGAN, for plaintiff in error.

SCARBOROUGH, for defendant.

HARRIS, J.

[1] The defendant in error brought suit against Morrow for the recovery of a balance of $3,000, due on a draft in its possession. When the case was called for trial, the attorney for the Merchants' and Planters' Bank moved to amend his declaration by adding after the name of the Bank the words " who sues for the use of William R. Phillips."

Previous to this motion Morrow had procured, by purchase or otherwise, an amount of the notes of said Bank equal to the aggregate of the principal and interest of the balance due on the draft, and had placed his plea of the tender of said notes as a set-off against the demand of the Bank on file with the Clerk. The motion to amend was objected to by Morrow's counsel; the Court allowed the amendment to be made. The first error assigned in the bill of exceptions is the allowance of said amendment, and we think the objection well made, under the facts presented by the record. However liberal are our statues permitting amendments, and disposed, as we are, to sanction all that are necessary for the ends of justice and to prevent delays and non-suits, we are clearly of the opinion that an amendment which virtually substituted a new plaintiff and deprived the defendant of a right of set-off of the notes of the bank, should not have been allowed.

[2] The next error assigned is that of the Judge, after the amendment before mentioned, on motion of the plaintiff be-

low, directing the plea of defendant of set-off to be stricken out.

Had the amendment allowed been proper, there would have been no error in striking the plea; but as the amendment was erroneous, the striking of the plea is necessarily so.

The pleadings should be restored to their status at the time these motions were made and sustained.

The judgment below is therefore reversed.