WILLIAM H. WARD, plaintiff in error, *vs.* SARAH F. WINN, guardian, defendant in error.

Where an action was brought by the plaintiff, as the bearer of two promissory notes, payable to W., or bearer, against the defendant, and, on the trial, the defendant offered in evidence his books of account, for the purpose of showing that W., the payee of the notes, was indebted to him for goods and merchandize sold to him prior to the transfer of the notes, (it being admitted that the notes had been transferred by the payee to the plaintiff, after due,) and claimed that the amount of his account should operate as a payment of the plaintiff's debt, *pro tanto*, or be considered as an equitable defense to the plaintiff's action, which books of account were rejected by the Court:

*Held*, That the fact that the defendant had an account against the payee of the notes, without more, was not a good legal defense against the plaintiff, who was the holder of the notes; to constitute a good equitable defense against the holder of a note received after due, that defense must be, in some way, connected with the debt sued on, or the transaction out of which it sprung; and such equitable defense should be set forth in the defendant's plea as fully in a Court of law as in a Court of equity, if he wishes to avail himself of such defense in a Court of law.

Ward *vs.* Winn. •

Promissory Notes.    Payments.    Before Judge ANDREWS.
Oglethorpe Superior Court.    October Term, 1870.

In October, 1855, Ward made his two promissory notes
for $550 00 each, payable to Benjamin V. Willingham, or
bearer, on or before the 1st of January, 1857, and 1858, re-
spectively, and delivered them to Willingham.    In 1866,
Willingham transferred these notes, by delivery, to Sarah F.
Winn, as guardian of certain minors.    In March, 1867, as
such guardian, she sued Ward on the notes.    No written plea
was filed, but it was agreed that payment was considered as
pleaded, and that this plea consisted of a claim by Ward,
against Willingham, for goods sold to him by Ward, from
1855, to 1866, inclusive, and because these accounts were
long, the setting of them out was waived.

Plaintiff's counsel read  in evidence the notes, and closed.

For the defendant, it was admitted, that plaintiff did not
get the notes till 1866.    Defendant's counsel then offered in
evidence his books of original entry, to prove his said ac-
counts against Willingham.    Plaintiff's counsel objected to
the books upon the ground, that these accounts against Wil-
lingham were not payment of said notes, and the books were
rejected.    No other testimony was offered.    The plaintiff
had judgment for the amount of the notes.

Ward's counsel say that the Court erred in rejecting the
books, because these accounts, made when Willingham held
the notes, were as against one who took them after due, pay-
ments, *pro tanto*, by operation of law, and constituted equi-
table defenses against said plaintiff.


W. G. JOHNSON, for plaintiff in error.


TOOMBS & DUBOSE.    S. H. HARDEMAN, for defendant.

The Ordinary, etc., *vs.* Retailers, etc.

Warner, J.

On the statement of facts disclosed by the record in this case, there was no error in the judgment of the Court below in rejecting the defendant's books of account at the trial: Code, 2853.

Let the judgment of the Court below be affirmed.