NicholsoN, C. J.,
delivered the opinion of the Court.
Plaintiff, as receiver of the Gayoso Savings Institution, sued defendant* on a claim for about $781, due by him to- the Savings Institution. The Institution suspended and closed February 5th, 1868. On the 10th February, 1868, a bill was filed in the Chancery Court, for the purpose of winding up its affairs as an insolvent institution, and plaintiff was appointed receiver.
Calvin. Jones held a certificate of deposit of the Institution for $1,000, which was transferred by him to defendant after the Institution suspended and closed, but before the bill was filed to wind it up.
• On the trial of the cause, defendant offered the certificate as a set-off, which was allowed by the Judge, and judgment given for defendant for the excess of his claim over that of plaintiff.
The question in the cause is, whether the certificate of deposit was a proper set-off?
The assets of an insolvent moneyed corporation, under our statutes and decisions, constitute a trust fund in the hands of the officers of the corporation, for “pro rata distribution among all its creditors and stockholders : Marr v. Bank of West Tenn., 4 Col., 471. And by the Act of 1860, c. 27, s. 30, the bill-holders of *287 an insolvent banking institution are entitled to preference in payment over all other creditors.
A certificate of deposit is not placed by tbe statute on the same footing with a note issued by a bank. The holder of such certificate is therefore only a creditor entitled to pro rata distribution.
But, in this case the holder of the certificate was both a debtor and a creditor of the Institution, and upon the general principle applicable to insolvent or bankrupt estates, he has a right to his set-off, if the claims were mutual at the time the death of the intestate occurred or when the bankruptcy occurred: Richardson v. Parker, 2 Swan, 529.
It appears in proof that plaintiff became a creditor of the Savings Institution after it closed and suspended, but before steps were taken to wind it up as an insolvent corporation. It is provided by the bankrupt law, that if a banker stops or suspends fraudulently for a period of fourteen days, he is deemed to have committed an act of bankruptcy; but if the suspension. be not fraudulent it is not an act of bankruptcy: Brightly Bankrupt Law, p. 80, and notes. In analogy to this- rule as to bankruptcy, we can not see upon what ground the insolvency of a bank can be assumed from the simple fact of closing its doors for two or three days, or until some such step as filing a bill to have its insolvency determined has been taken. If a party should become a creditor of one to whom he is a debtor only a few days before his death, this fact could not defeat his right of set-off, even though the death might be deemed probable. So, in the case *288 before us, we bold that defendant was entitled to his set-off) as he was the owner of the certificate before the bill was filed, and affirm the judgment below.