Jared I. Whitaker, for the use, etc., plaintiff in error, *vs.* John D. Pope, defendant in error.

(Atlanta, January Term, 1873.)

1. Notice—Service—Set-Off.—Where an action was brought by A for the use of B, against C, and it appeared on the face of the declaration that the suit was brought for the use of B, and C acknowleged service and waived a copy of the declaration before the writ was filed: Held, that the acknowledgment of services and waiver of copy so charges C with notice of the equitable rights of B, that he cannot afterwards, *before the writ is actually filed, buy up a debt against A and plead it as an offset, unless he, in some way, affirmatively make it appear that when he did so acknowledge service, he did not know the suit was for the use of B. A mere general statement that when he bought the offset he did not know of the transfer to B, is insufficient.

2. Set-Off—Suit Pending.*—A set-off is a cross action; a debt can-

*Set-Off—Suit Pending.—For the ruling in the 2d headnote, the principal case is cited in National Bank *v.* Railro██ Co., 114 Ga. 893, 40 S. E. Rep. 1016. See also, Ency. Dig. Ga. Rep.,

not be pleaded as a set-off, if there be at the time a suit pending against the plaintiff for the same debt in favor of one who was at the bringing of said suit the true owner of the said set-off.

Notice. Service. Set-off. Before Judge Hopkins. Fulton Superior Court. April Term, 1872.

Whitaker, for the use of Emmett D. Dodge, brought complaint against Pope, on an account for $6,962 25. The defendant pleaded several items of set-off, amongst others, a note dated April 30th, 1867, due January 1st, 1869, payable to James R. Brown, administrator upon the estate of John W. Lewis, deceased, or bearer, for the sum of $2,000 00, signed by Jared I. Whitaker, as principal, and by John I. Whitaker and William Watkins, securities.

The evidence made the following case: Plaintiff established his account to the amount of $2,245 41. Early one morning the defendant called upon plaintiff's attorney and acknowledged service upon the declaration in this case. He immediately thereafter purchased the above stated note from the payee, for the sum of $500 00. To assure himself that he was in time to avail himself of said note as a set-off, he called at the clerk's office and found that the declaration had not then been filed. He had no knowledge, notice or information that the account had been transferred to Dodge. The declaration was filed on the day of, but after, the purchase.

The jury allowed the amount of the aforesaid note as a set-off, and found a verdict for the plaintiff for the balance. Whereupon the plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the court refused to charge the jury, "that if the defendant acquired a note for the very purpose of using it as a set-off in this action, and his purchase was after he *acknowledged service on the declaration, and on the same day the declaration was filed, he cannot use it as a set-off."

2d. Because the court erred in charging the jury, "that if the note was purchased by the defendant before the time of the filing of the writ in this case, and at the time of his purchase he had no notice of an assignment to Dodge of the Whitaker debt, it could be set off against whatever the jury might find to be due to the plaintiff."

3d. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the plaintiff excepted.

L. E. Bleckley, by N. J. Hammond, for plaintiff in error. No appearance for defendant.

McCay, Judge.

We are not prepared to say that the acknowledgment of service and waiving copy was the commencement of suit. It may be that the plaintiff would never file it. The case of Steadman, not yet reported, does not meet this, since there the filing was waived, and the question was, whether it *must* be filed twenty days before

court, notwithstanding the waiver. But we are clear there ought to be a new trial.

. 1. The acknowledgment of service was notice to Pope that the equitable title to this debt was *claimed* to be in Dodge, and he could not buy an account against Whitaker after such notice. If he did, he took it with notice of whatever right Dodge might show. The courts of law have, for a long time recognized the equitable transferee, and have protected him against any dealings by the defendant with the original owner after notice. True, Pope does say he bought without notice. But he admits he made this acknowledgment before he purchased. This, as we think, was notice of Dodge's *claim,* and that was all the notice he was entitled to. Unless he explain this acknowledgment—show that he did not know what the \*writ was, or in some way get clear of this evidence of notice, it is not sufficient that he says he had no notice of the transfer.

2. We think, too, the Court should have allowed the evidence of the pending suit in favor of Brown. Pope stood in Brown's shoes after the purchase, and if Brown could not set up this debt as an off-set in a suit—by even Whitaker against him—without some special motion or order of the Court, in the nature of a motion. to consolidate and save costs, neither could Pope. A set-off is a cross-action. The plaintiff is not, by our law, required to plead in abatement, in reply to a plea of the defendant. And we see no reason why he may not reply to defendant's plea matter, which, if he were defendant, he could set up by such plea, to-wit: the pendency of a former suit.

Judgment reversed.