COBB *et al. vs.* LOWRY & COMPANY, for use.

Where a note for $100.00, payable to the order of Lowry & Co., was sued by them in the justice court, and the makers thereof, Cobb and Cobb, pleaded payment, and the justice sustained the plea on the evidence and gave judgment for the defendants for costs; and the case was carried by appeal to the superior court, and the same was amended in the superior court by adding to the original plaintiffs the names of Gray, Kirkman & Co. as usees:

*Held,* that the amendment should not have been allowed, but that the issue of payment made before the justice between the parties there should have been tried by the superior court on the appeal.

Pleadings. Appeals. Practice in the Superior Court. Before Judge McCutchen. Whitfield Superior Court. May Term, 1878.

Reported in the opinion.

JOHNSON & McCAMY, for plaintiffs in error, cited (on appeal) Code, §4157; 59 *Ga.,* 185; (on amendment) Code, §3480; 18 *Ga.,* 399; *Neal vs. Robertson* and *Gill vs. Tyson,* this term; Code, §1783; 59 *Ga.,* 254.

T. R. JONES; D. A. WALKER, for defendants.

JACKSON, Judge.

Lowry & Co. brought suit in a justice court against Cobb and wife on a promissory note for $100.00, payable to their order. The Cobbs pleaded payment, and proved it to the satisfaction of the justice of the peace, who rendered judgment in their favor. Thereupon the plaintiffs appealed to the superior court, either on their own account, or for the benefit of Kirkland & Co., who gave bond, etc., etc., upon which the record is not clear. Kirkland & Co. were not parties to the suit below at all; but the attorney who sent the note to the justice had directed suit to be brought for their use, and this direction was in writing. It seems, too, that the note was indorsed in blank by Lowry & Co., and that it had been traded before due to Kirkland & Co.

When the case reached the superior court, a motion was made to dismiss the appeal, which was overruled, and the court permitted the case to be amended by adding the names of Kirkland & Co. as usees after the names of Lowry & Co— that is, the suit was amended and tried in the superior court in the name of Lowry & Co., for the use of Kirkland & Co., *vs.* the Cobbs; and the jury found for the plaintiffs, because the payment of defendants to Lowry & Co. did not avail—the real title before due to the note being in Kirkland & Co.

The defendants moved for a new trial, and the court refusing it, they excepted.

In the view we take of the case the new trial must be granted on account of the amendment allowed, and the new parties made in the superior court after the suit had been brought by other parties in the justice court, plea filed there, issue joined and judgment entered for the defendants. We do not think that this can be done. If the appeal was entered by Kirkland & Co., they had no right to do so, and it should have been dismissed; if it was entered by Lowry & Co., then, having lost the case on the plea of payment *to them*, they could not amend by bringing in other parties after this adverse decision. If the suit was improperly brought, it is their fault, or that of the attorney in trusting to the justice, and the instructions cannot affect the rights of the defendants. It would be hazardous to allow new parties to be brought in after trial so as totally to change the issue tried. And so this court has held in the case *Morrow vs. The Merchants and Planters' Bank*, 35 *Ga.*, 267. It was there held that after plea of set-off had been filed, such new parties, as usees, could not be brought in at the trial term. This case is the case of plea of payment; otherwise the two cases are alike. The principle of that case completely covers this; and reason and right accord with it. It would be hard, after a defendant was sued by one man to whom his note was payable, and had proven that he had paid it to him, and got judgment on his plea, to permit another to be

made a party, with the allegation that it had been indorsed to him before it fell due, and was paid to the wrong man.

Besides, the whole affair seems curious. If Kirkland & Co. were indorsees of this note, it is strange that their attorney directed suit brought in the name of Lowry & Co. for their use. The legal title was in themselves as indorsees, and suit should have been brought by them. They had no need to employ the names of Lowry & Co. The legal title was gone out of Lowry & Co., and into Kirkland & Co. In any view, we must reverse the judgment and award a new trial.

Judgment reversed.