THIRD NATIONAL BANK OF ATLANTA *v.* WESTERN
AND ATLANTIC RAILROAD COMPANY.

1. When a plaintiff's petition sets forth a particular state of facts and thereupon alleges liability on the part of the defendant, it must, if not challenged by demurrer, be treated as legally sufficient to support a recovery ; and if the plaintiff establishes by evidence all the material allegations of such petition, he is, nothing more appearing, entitled to a verdict.
2. The assignee of a non-negotiable chose in action takes the same subject to the equities existing between the assignor and the debtor at the time of the assignment.

Argued February 10,—Decided March 11, 1902.

Complaint. Before Judge Lumpkin. Fulton superior court. January 29, 1901.

*Brandon & Arkwright,* for plaintiff.
*Payne & Tye,* for defendant.

FISH, J.   The Third National Bank brought an action, returnable to the spring term, 1899, of Fulton superior court, against the Western and Atlantic Railroad Company, the material allegations of the petition being, in substance, as follows: that the defendant was indebted to the D. H. Browder Company in the sum of .$654.01, upon four accounts for overcharges, made by the defendant for freight received by it from the Browder Company ; that the general freight agent of the defendant, being fully authorized to do so, issued and delivered to the Browder Company a written voucher, or statement, for each account, certified by him to be correct and representing that defendant was indebted to the Browder Company the amount of the respective account; that to each of the vouchers were attached the bills of lading and other memoranda upon which the voucher was issued, showing the same to be correct; that the Browder Company, on Sept. 1, 1898, drew a sight draft upon the defendant for $654.01, the sum of the vouchers, payable to plaintiff's order, and delivered the same, with the vouchers, bills of lading, and other memoranda attached thereto, to the plaintiff, for the purpose of presently passing to the plaintiff the title to the accounts and the fund due to the Browder Company by defendant, as above set forth; and that, upon the faith and credit of the draft with the vouchers attached, plaintiff, immediately upon its being drawn and delivered, paid to the Browder

Company the full amount thereof in money, and that such transaction constituted an assignment of such fund to the plaintiff; that plaintiff parted with its money and made the advance to the Browder Company upon the draft, accounts, and vouchers without any notice or knowledge that the sum represented therein to be due by the defendant to the Browder Company was not or might not be actually owing to the Browder Company by the defendant, but upon the faith of the recitals contained in the vouchers, and upon the belief that such recitals were true; that the draft with the bills of lading and other memoranda attached thereto was presented by plaintiff to defendant for payment, which was refused; and that by reason of such facts defendant was indebted to plaintiff the sum of $654.01, principal, besides interest. No objection, by demurrer or otherwise, was made to the petition. The defendant duly filed its answer, in which the material allegations of the petition were denied in separate paragraphs. When the case came on for trial, at the fall term, 1900, the defendant offered certain amendments to its answer. The first of these amendments was, in substance, a mere amplification of its denial as set out in the original answer. The other amendment set up that, "at the time of the alleged transaction between plaintiff and D. H. Browder Company, the D. H. Browder Company was indebted to defendant in the sum of twenty-one hundred and seventy-two 89/100 dollars, and is now indebted in said sum, as follows, to wit:" setting out an itemized account for freight due by the Browder Company to the defendant, in which the dates, the articles upon which freight is charged, the stations from and to which each article was carried, and the amount of freight due upon each were set forth. The dates were from April 4 to July 29, 1898. To these amendments was attached an affidavit of the superintendent of the Western and Atlantic Railroad Company, "that the defendant did not omit the defense in the foregoing amended answers for the purpose of delay, and that said amendments are not now offered for delay." These amendments were disallowed by the court, but for what reason the record does not disclose. To this ruling the defendant filed exceptions pendente lite. Upon the trial there was a verdict for the defendant. The plaintiff made a motion for a new trial, which being overruled, it excepted. The defendant sued out a cross-bill of exceptions, in which complaint is made of the judgment of the court disallowing the amendments offered to its answer, as specified in its exceptions pendente lite.

1. It appears from the brief of evidence that every material allegation of the plaintiff's petition was fully sustained by uncontradicted evidence; and as there was no defense in, except a denial of the allegations of the petition, a verdict for the plaintiff was demanded, the case having been proved as laid. *Phillips* v. *Southern Railway Co.*, 112 *Ga.* 197; *Flewellen* v. *Flewellen*, 114 *Ga.* 403, and cases cited. It follows that the court erred in not granting a new trial.

2. The accounts, or vouchers, upon which suit was brought were non-negotiable choses in action; and the plaintiff took the same from the Browder Company subject to the equities existing between that company and the defendant at the time the Browder Company delivered them to the plaintiff. Civil Code, § 3037. Therefore the defendant had the right to plead, by way of set-off, the freight account due it by the Browder Company, as set out in the offered amendment, the amendment showing that the Browder Company was indebted upon the account at the time of the transaction between it and the plaintiff, and that this indebtedness was still due at the time of the trial. Counsel for the plaintiff in error, the bank, contend in their brief that the plea of set-off was defective, because it did not allege that the account therein referred to was connected with, or grew out of, the original transaction for which the vouchers sued on were given, and in support of this contention cite *Tinsley* v. *Beall*, 2 *Ga.* 134, and *Ward* v. *Winn*, 42 *Ga.* 323. An examination of these cases will show that they were suits upon negotiable promissory notes which had been transferred to the plaintiffs after their maturity; and in a suit upon such an instrument, brought by a plaintiff who took the same from the payee after it was due, the rule is, that the maker can not set off a demand against the payee, unless such demand is connected with, or grew out of, the original transaction for which the note was given, or attaches to the note itself; he can not set off a demand arising out of collateral matters. A different rule, however, applies to non-negotiable instruments, and that is, "that every person who takes an instrument not assignable by the terms of it must take it principally on the credit of him from whom he receives it, for it is always liable to be defeated by equitable circumstances subsisting between the original contracting parties, being taken legally subject to all the equities of the original debtor." *Guerry* v. *Perry-*

*man,* 6 *Ga.* 123. This distinction is recognized in the section of the Civil Code above cited, which provides: "All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable securities, subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment is given to the person liable." *Jack* v. *Davis,* 29 *Ga.* 219. See *Cohen* v. *Prater,* 56 *Ga.* 203. The court, therefore, erred in disallowing the amendment containing the plea of set-off. Counsel for the plaintiff in error contend that, even if the disallowance of this plea of set-off was erroneous, the error was harmless, as the brief of evidence discloses that the evidence introduced by the defendant itself shows that at the time the plea of set-off was offered a suit was pending, in the superior court of Fulton county, in favor of the defendant against the Browder Company, founded upon the identical account sought to be set off, and that the account could not be pleaded as a set-off pending the other suit upon it; citing *Whittaker* v. *Pope,* 48 *Ga.* 13. While the brief of evidence shows " a petition in the nature of a creditors' bill [was] brought by the Western & Atlantic Railroad Company and two other creditors against D. H. Browder Company on September 17th, 1898, based on an account claimed to be due the Western & Atlantic Railroad Company by the Browder Company, and accounts due the other two creditors, seeking the appointment of a receiver and the distribution of the assets of the Browder Company among its creditors, and for general judgment," there is absolutely nothing to indicate that the account claimed to be due the railroad company in that action is the same as the one offered to be set off by the defendant in this case.

*Judgment on both bills of exceptions reversed. All the Justices concurring, except Little, J., absent.*