Colquitt *vs.* Bonner.

No. 22.—WALTER T. COLQUITT, plaintiff in error *vs.* SEYMOUR R. BONNER, defendant in error.

[1.] One judgment may be set off against another, although all the parties to the different records are not the same.

[2.] The assignee of a judgment or execution, under the Act of 22d December, 1829, takes it subject to any defence which might have been set up against the original plaintiff in the judgment or execution.

Motion to set off one judgment against another, and to have satisfaction entered of record. From Muscogee Superior Court. Tried before Judge ALEXANDER. Term, 1846.

For further particulars, see the decision of the Supreme Court.

JOHNSON & WILLIAMS, for the plaintiffs in error.

One judgment may be set off against another. *Montague on Set-Off, and authorities there cited,* 6, 12; 3 *Yeates,* 132.

One of two defendants may set off a judgment against himself and others, with a judgment in his favour. 12 *S. & R.* 252; 9 *Id.* 6. And the motion addresses itself to the equitable discretion of the Court. 1 *John. Ch.* 91; 14 *John.* 63.

Mutual demands extinguish each other by operation of law. 1 *Rawle,* 291,

The assignee took the transfer of said judgment subject to all the equities existing between the parties, before notice of the assignment. 1 *A. K. Marshall,* 510; 2 *Equity Digest,* 430; 3 *Paige,* 365; 1 *Binney,* 429.

Judgment on demurrer should have been for plaintiff, and that the *fi. fa.* assigned to Bonner be entered satisfied as of record. *Gould,* 477.

STURGIS, for the defendant in error.

*By the Court*—WARNER, J. delivering the opinion.

It appears, from the record in this case, that a rule *nisi* was obtained in the Court below, calling upon the defendant in error to show cause why a judgment controlled by him should not be satisfied. The rule *nisi* recites, " whereas it is made to appear to the

Court, that Walter T. Colquitt is the owner of a judgment obtained in the Superior Court of Muscogee, in favour of *Chauncey Pomeroy* vs. *Burton Hepburn*, for the sum of $394, and whereas, also, it appears that, after the rendition of the judgment aforesaid, said Hepburn obtained a judgment in said court against William Rogers, Joseph Davidson, Nancy F. Mitchell, and said Colquitt, for the sum of two hundred and fifty dollars, besides costs : and it further appearing that, after the rendition of said judgment aforesaid, it was agreed between said Colquitt and said Hepburn that the balance due on the judgment in favour of Pomeroy should be set off and satisfied by a credit on the said judgment due to said Hepburn, to the amount of said balance; and in consideration of said agreement said Colquitt forebore and ceased from the collection of said judgment in favour of said Pomeroy, he, said Colquitt, having the entire control thereof; and whereas, afterwards, the said Hepburn transferred and assigned his said judgment to said S. R. Bonner, without entering a credit thereon according to the agreement as aforesaid.

" It is, therefore, adjudged by the Court, that said Bonner show cause, on to-morrow morning, or so soon thereafter as counsel can be heard, why the said judgment should not be set off, the one against the other, by crediting the amount of the lesser upon the larger, and why satisfaction should not be entered of record. And it is further adjudged, that a copy rule be served on said defendant or his counsel."

The defendant appeared, by his counsel, and demurred to said rule *nisi*, which demurrer was sustained by the Court, and the rule *nisi* ordered to be discharged; to which decision of the Court the plaintiff excepted, and now assigns the same for error in this Court.

By demurring to the rule, the defendant admitted the facts stated therein to be true; but contended, the same were insufficient in law to require an answer from him.

[1.] "Opposite demands arising upon judgments may, upon motion, be set off against each other whenever such set-off is equitable, though the judgments are in different courts, and though the parties to the different records are not the same." *Montague on Set-Off*, 7.

"A person who is equitably entitled to a judgment, may set off such judgment though his name is not upon the record." *Id.* 12.

[2.] The main argument urged by the defendant in error to sustain the judgment of the Court below is, that Bonner is a *bona*

*fide* assignee of the judgment, without notice of the agreement between Colquitt and Hepburn, as stated in the rule. Does the assignee of a judgment or execution, under the provisions of our statute, occupy the same position as the *bona fide* holder of negotiable paper, and is he entitled to the same legal protection? We think not, for the reason, the statute only gives the assignee the right to collect the judgment or execution, " *in as full and ample a manner as the plaintiff could have done if no such transfer had been made.*" *Prince Dig*. 465.

If a defendant in a judgment or execution, who has paid off the same, could not show such payment, even when the judgment or execution is in the hands of an assignee without notice of such payment, much fraud and many mischievous consequences would be the inevitable result. The defendant may hold the receipt of the attorney of record for the full amount of the judgment, and the same may not be credited on the judgment at the time of the assignment; yet, if the assignee had no notice of the payment, under the rule insisted on and sanctioned by the Court below, the defendant would be compelled to pay it the second time to the assignee. Although our statute authorizes the assignee to control and collect the judgment or execution for his own use and benefit, he can only do so in the same manner, and to the same extent, as the original plaintiff could have done if no transfer or assignment had been made; and the defendant can set up the same defence against its collection in the hands of the assignee, as he could against the original plaintiff. Taking the statement of facts, then, to be true, as set forth in the rule *nisi*, we are of the opinion that the Court should have required the defendant to show cause why satisfaction of the judgment should not be entered of record, and that the Court below erred in its judgment in sustaining the demurrer and discharging the rule. Let the judgment of the Court below be reversed and the motion reinstated.