No. 106.—JAMES A. MERIWETHER and DANIEL SLADE, plaintiffs in error *vs.* ALEXANDER J. BIRD and JAS. L. BIRD, administrators *de bonis non, &c.* of WM. BISCOE, deceased.

[1.] Set-off not allowed by the Common Law.

[2.] The Statute of 2 *Geo. II. ch.* 22, has been introduced generally, into the United States, with certain modifications.

[3.] Set-off is a plea in bar of the plaintiff's action.

[4.] The commencement of the action, and not the time of trial, is ordinarily the period at which mutual debts are to be set-off against each other.

[5.] The doctrine of set-off was borrowed from the Civil Law, and should be interpreted by the same principles of construction.

[6.] Justice demands that the claim of the debtor not bearing interest, should be set-off against that of the creditor drawing interest, as of the time it became due and owing.

[7.] Our Statute disallowing interest on open accounts, does not in any way affect the law of set-off.

Assumpsit, &c. in Putnam Superior Court. Tried before Judge *Johnson*, March Term, 1851.

Suit was brought by the administrators of Wm. Biscoe, against James A. Meriwether and Daniel Slade, upon a promissory note for $633,75, dated 12th January, 1838, and due, 25th December, 1838. Defendant, James A. Meriwether, pleaded and proved, by way of set-off, an account for services rendered as an attorney, at various times during the years 1839, '40, '41, amounting to $410.69.

Defendant's counsel requested the Court to charge the Jury, " that in making the calculation of what was due between the parties, the defendants had a right to have their set-off allowed as a credit on plaintiff's demand, as of the time at which the services rendered were due," which charge the Court refused to give, but on the contrary, charged the Jury, " that defendants were entitled to have what was proven to be due defendant, allowed as a credit only of the time at which the then trial was had." " The Jury should ascertain what amount was due

plaintiffs at that time, and if defendant's set-off exceeded that amount, give a verdict for defendants, for the balance; but if it did not exceed it, then to give a verdict for plaintiffs for the difference between the two amounts."

This charge and refusal to charge, are assigned as error.

MERIWETHER, for plaintiffs in error.

J. WINGFIELD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The plaintiffs in error were sued by the administrators of William Biscoe, deceased, upon a note given by them, to the intestate in his life time. They pleaded a set-off for professional services rendered the deceased, and the only question in the cause is, at what time the account should be deducted. The Circuit Judge held, at the time of the trial, and this opinion is excepted to, and is now assigned as error.

[1.] The object of a set-off, is to liquidate the whole, or a part of the plaintiff's demand. As a remedy, it was unknown to the Common Law, according to which, mutual debts were inextinguishable, except by actual payment or release. *Bab. on Set-off.*

[2.—3.] By the Statute of *Geo. II. c.* 22, which has been generally adopted in this, and all the other States of the Union, with some modifications, the defendant is allowed, in cases of mutual debt, to set-off his claim against the plaintiff's, by *pleading it in bar.* 5 *Taunt.* 148. 2 *Camp.* 594. 8 *Watts' R.* 39. 9 *Watts' R.* 170.

[4.] If the plea of set-off then, is good *in bar*, it is obvious, that the party is entitled to have his demand applied as a credit, at the time the action is brought; otherwise, where the suit is pending for any length of time, as it was in the present instance, an open account, which was a complete bar at the commencement of the action, would fail finally to liquidate the plaintiff's note, with the accruing interest.

Indeed, the whole doctrine of set-off, has reference to the situation of the parties at the time of the commencement of the suit. If the plaintiff has a valid cause of action at that time, it is not in the power of the defendant to defeat it and charge him with costs, by any act of his own afterwards, and to which the plaintiff was no party; as for example, by purchasing up claims against the plaintiff, for a larger amount.

[5.] The doctrine of set-off was taken from the Civil Law, and was introduced to advance justice, as well as convenience, (*pr. Kent, J.* 3 *Johns. Cases,* 155.)

[6.] Now, the rule of that code has been correctly cited by the learned counsel, from *Pothier*, namely: if you have a debt due from me, which carries interest, and afterwards become my debtor of a sum which, from its nature, does not carry interest, my debt will be held to be discharged to the extent of the mutual credit, from the time of such credit taking place, and interest would only be due for the balance, from that time—and the author puts the following illustration: If you are my creditor of a sum of £1000, for the price of an estate which you have sold and conveyed to me, and afterwards you become sole heir to Peton, and in that quality my debtor for £800, the amount of a loan from me to Peton; from the death of Peton, your demand of £1000 is to be regarded as acquitted, to the amount of £800, and subsisting only for the remaining £200, and from the death of Peton, the interest will only continue to run upon the remaining £200.

Is there anything in our law of set-off which excludes this construction? I know of nothing, and it is so manifestly right, that it commends itself to the conscience of every man. Interest is only given by way of damages for the detention of a debt. But if A owes B $500, and B owes A $300, can it be adjudged that A withholds anything but the balance of the $200?

[7.] But it is contended, that our Statute forbids the allowance of interest on open accounts. It is one thing, however, to compute interest on a debt which is sought to be recovered in a separate and independent proceeding, and quite another, so to apply a mutual demand, as to prevent the accumulation of inter-

Meriwether and another *vs.* Bird and another.

est upon the contra claim.   Our law of executors, postpones the payment of open accounts, to promissory notes; and yet, if a debtor of the deceased, by note, is sued by the representatives, he may plead his open account and thus extinguish the demand, notwithstanding debts of higher dignity are thereby defeated.

I am not one of those who are forever complaining of our own legislation, and who think that nothing good can be done on this side of the great water.   On the contrary, I believe, before God, that we live under the wisest code, civil and criminal, that was ever devised by the wisdom of man.   Still, I am not insensible to its imperfections, and among its defects, I would unhesitatingly class all those provisions which debase open accounts; I am bound, nevertheless, to enforce the Statute disallowing interest on unliquidated demands.   I am under no obligation, however, to extend it to a case not embraced within its terms.

I consider the *Commonwealth* against *Clarkson*, administrator of *Passmore*, (1 *Rawle's R.* 291,) as directly covering this question.   The Supreme Court of Pennsylvania, there held, that mutual demands extinguish each other, by *operation of law*, without waiting for any act of the parties.

But there is another principle which would seem to entitle the defendants to the relief which they seek, and that is, in cases of mutual credit, where there is knowledge on both sides, of an existing debt due to one party and a credit by the other party, founded on, and trusting to such debt, as a means of payment, that the law will so apply it.   All the authorities upon this subject, will be found collected in a note to *Story's Eq. Jur.* 2 *vol.* §§14, 36.

If it should be said, that this redress can only be had in Chancery, I reply, that our Common Law Courts have all the powers of Equity in this respect, and will administer justice by the same rules.

In our view of this matter, then, we are constrained to reverse the judgment below, and direct a new trial.