No. 54.—JAMES HAMMETT and EDWARD McDONALD, plaintiffs in error, vs. NATHAN G. CHRISTIE, defendant in error.

[1.] When a bill in equity contains any matter on which complainant, according to the statements of the bill, is entitled to relief, it cannot be dismissed for the want of equity.

[2.] Bill against two defendants. The answers of the two defendants, show that they have each an interest in the subject enjoined, and are so connected in it as to require that the answers of both should be considered on a motion to dissolve an injunction:—If the answers taken together sustain, or tend to sustain the case made by the bill, the injunction ought not to be dissolved.

In Equity, in Randolph Superior Court. Tried before KIDDOO, Judge, December, 1856.

The bill alleges that James Hammett, the defendant, commenced his action of debt, on a bond for titles, against complainant, returnable to April Term, 1847. At March Term,

1849, during the pendency of said suit, the parties compromised the same, the complainant agreeing to pay the sum of two hundred and fifty dollars and cost of suit, and that the said action was to be dismissed. That complainant paid Hammett twenty-five dollars in cash, and soon afterwards, paid to his agent John Williams, the balance of the sum, to-wit, $225; and that the same was forwarded to defendant in Florida, where he resided. That he gave no further attention to the case, supposing that it was settled and arranged. At October Term, 1854, without notice to complainant, defendant recovered and entered a judgment in said case against him for five hundred dollars, besides interest from 10th May, 1845, and cost of suit. That since said recovery, Hammett had assigned said judgment to Edward McDonald; that said assignment was collusive and fraudulent.

The bill prays that the defendants be enjoined from enforcing said judgment, and *fi. fa.* issued thereon, against complainant.

The answer of defendant Hammett, denies that Williams was his agent, or that he ever received the two hundred and twenty-five dollars alleged to have been paid to him; admits the receipt of twenty-five dollars, but that complainant did not, nor has not paid the cost.

Upon the coming in of the answer, defendant's counsel moved for a dissolution of the injunction, and that the bill be dismissed.

The presiding Judge refused the motion, and continued the injunction. To which decision defendant's counsel excepts, and thereupon assigns error.

DOUGLASS & DOUGLASS, for plaintiff in error.

HOOD, for defendant in error.

*By the Court.*—McDONALD, J., delivering the opinion.

[1.] As this Court has frequently determined, the charges

Hammett & McDonald vs. Christie.

and statements in bills in equity must be taken as true on motions to dismiss for the want of equity. The bill in this case makes a case of unquestionable equity on the part of the complainant. If it be correct in its allegations, the suit of Hammett on the bond was compromised for the sum of two hundred and fifty dollars; twenty-five dollars were paid to Hammett at the time, and two hundred and twenty-five dollars were paid to Williams, afterwards, as the agent of Hammett, in terms of the contract of compromise. The costs were not paid, but complainant alleges that he is able to pay the costs, which, by the way, he ought now to do; and if *defendant* has paid them, to tender them. But the omission to have done this, does not show that there is *no equity* in the bill. The case was compromised at March Term, 1849, of Randolph Superior Court, and remained on the docket for five years and six months, when Hammett's attorney took a verdict for five hundred dollars, and interest, and costs of suit, without notice to the complainant. An execution has been issued on the judgment, which is proceeding against complainant. The bill has been amended, and the amendment charges that Edward McDonald, under the pretence of being the assignee of Hammett, is endeavoring to collect the amount of the judgment, that the assignment, if any, to McDonald, is without consideration and fraudulent, or, if the said assignment was made under an agreement, it was a conditional contract.

McDonald, as assignee, occupies no better position than Hammett, for if he took the assignment *bona fide*, he took it subject to the equities between Christie and Hammett. *Colquitt vs. Bonner, 2. Kelley's Rep. 155.*

According to the bill then, Hammett, contrary to his agreement, and contrary to equity and conscience, went to trial, without notice to defendant, five years and six months after he had compromised the case and received his pay, and is now attempting to collect the money again. This is the bill.

There is a plain equity in it, and it ought to have been sustained.

[2.] The motion to dissolve the injunction is to be considered in reference to the answers of both defendants, and if all the circumstances alleged in complainant's bill, which constitute his equity, are not denied, or explained so as to disentitle the complainant to the relief he asks, the injunction ought to be retained. The defendant, Hammett, admits the compromise and the partial compliance with the agreement by complainant, but denies that complainant ever paid him or Williams the two hundred and twenty-five dollars; he denies that Williams was his agent to receive from complainant any sum whatever, or that Williams was to forward to him any amount whatever, or that, by said agreement Williams was to have any agency in the matter whatever. Hammett, in his answer says, in regard to the agreement, that it was absolutely conditional, and that the condition was that complainant should, within *ten* days from the date of the agreement, forward to him, by mail, two hundred and twenty-five dollars ; and that complainant told him, that he would take John Williams with him to see him enclose the money in a letter addressed to him in Florida, and deposit it in the Post Office ; that complainant should go to the Clerk and pay his costs on the common law action ; and pay Isaac E. Bower, Esq., his fee, within ten days from the date of the agreement; and he positively avers that if all this was not done, within twenty days, the agreement was to be null and void, and the suit was to proceed.

The defendant Hammett, in his answer, admits that he wrote the letter to Isaac E. Bower, Esq., a copy of which is exhibited to complainant's bill. In that letter, he says to Mr. Bower, that "in the case about the bond against Christie, we had several interviews, one time in March '49. I agreed that if he, Christie, would pay me two hundred and fifty dollars and all costs, I received twenty-five dollars." The letter, either by design or accident, is imperfect and in-

complete, in respect to the compromise. He proceeds, however, to say; "Christie, Williams and myself being together, they promised to send the money forthwith by mail; Williams to see you, Mr. Bower, settle the costs, and be a final settlement; but I have never seen any money myself." Here is a distinct recognition of the participation of Williams in this business. He was to settle the costs with Hammett's counsel. Christie was not to do this. The obligation to pay Bower was on Hammett, he did not confide to Christie the discharge of this obligation, but Christie was, of course, to pay the money to Williams, and Williams was to discharge Hammett's debt to Bower, "to settle his costs." It does not appear *from the bill, or from the answer of Hammett*, that Williams had any interest in this matter. An agency for Hammett is alleged in the bill and denied by Hammett, and the statement in the letter, acknowledged by Hammett, is entitled to weight in considering the candor of the answer.

. The bill alleges an assignment of the execution, by Hammett to McDonald, without consideration; Hammett's answer admits it, and assigns as a reason why it was done, that McDonald lived near the complainant and in the same county, and is the defendant's friend; that he himself resided at a great distance and was unable to attend to the collection of the money, and that he expects that McDonald will collect the money and account to him for it. He denies all fraudulent intent on his or McDonald's part, in the transfer of the execution. He denies knowledge of any defence that complainant had to the judgment, as he set up none at common law. When it is remembered that the complainant's case does not depend on a defence that he claimed to have against the bond, but on a compromise of the suit pending on the bond; that Hammett had an attorney at law to attend to the collection of the money; that the execution was in the hands of the Sheriff for collection under his official responsibility; that the assignment of an execution is not the usual mode of constituting an agency in such cases, the assign-

ment of the execution without consideration must have some weight in determining the issue between the parties.

But the answer of Hammett admits that the legal interest in the execution has passed by his, Hammett's, own act to McDonald. This act of Hammett's entitles the answer of McDonald to a consideration in the investigation before us, which it could not otherwise have. This answer imparts a new feature to the case. The defendant, McDonald, seems to have known but little about the case, except what the proceedings in Court disclosed, until the assignment was made to him. The assignment is acknowledged and a copy is appended as an exhibit to his answer. It seems to have been on a separate paper, not attached to the execution. It is absolute in its terms. It would have required an instrument of no great length, to have directed the sheriff to obey the instructions of the assignee in collecting the money. The answer says that the execution was assigned to him, "to secure the amount due to him and J. W. K. Gunn, to whom he was to account, the sum of five hundred and fifty or six hundred dollars, by *John Williams*, and it was agreed and understood, at the time the transfer was made, that the amount the judgment exceeded the debts above-mentioned, was to be refunded by defendant, when collected. The answers of Hammett and McDonald in respect to the assignment, cannot both be true—it is impossible. One says that it was without consideration; the other says it was for a consideration, and sets forth the consideration; one says, that he expected the assignee to account to him for the full amount of principal and interest when it was collected from complainant, the other says that the excess only, after paying Williams' said debts, was to be refunded. A suspicion unavoidably arises on an examination of the entire case, that the debt of Christie, instead of being Hammett's, was the debt of Williams. The suit it is true, is in Hammett's name, and the bond was made by Christie to Hammett, as appears from an exhibit to the bill, but it appears from the

bill that Hammett left John Williams as his agent to receive the balance of the two hundred and fifty dollars, (that is $225) and to forward it to him in Florida; it appears from Hammett's letter to Bower, that he, Christie and Williams were together at the compromise; that Williams was to pay Bower his fees; Hammett says that the money was to have been sent to him by mail, but *he had never seen any money himself*; he denies throughout the agency of Williams for him, while Williams by his presence shows his interest in the matter, in some way; and finally, according to McDonald's answer the execution on the judgment is assigned to pay debts of Williams to a large amount.

The answer of Hammett does not deny the agreement, but varies its terms from those set forth in the bill, and the circumstances of the case as disclosed in both answers, require that the injunction should be retained for a hearing, and the judgment of the Court is therefore affirmed on both assignments.

Judgment affirmed.