## LANGSTON *vs.* ROBY *et al.*

1. One judgment may be set off against another, on motion, whether in the hands of an original party or of an assignee. It does not matter that one may be founded on an action *ex delicto* and the other an action *ex contractu*, nor that one may be junior to the other. Code, §3467.
2. While parties cannot settle a judgment so as to avoid the lien of the plaintiff's attorney for his fee, yet the right of setting off one judgment against another is conferred by express statute, and may be exercised although the practical result may be an extinguishment of such judgment in whole or in part, and thereby the attorney may lose the power of enforcing it for his fee.

Judgments.   Attorney and Client.   Set-Off.   Before Judge LAWSON.   Jasper Superior Court.   October Term, 1881.

At the April term, 1878, of Jasper superior court, Henry Roby recovered a judgment on an action of trespass for damages against David M. Langston, which suit was instituted by C. W. Jordan, Esq., as attorney, for the sum of $50.00, principal. On the 2d day of July, 1878, David M. Langston recovered a judgment on an account due previous to April, 1878, in the county court of Jasper county, against Henry Roby, for the sum of $48.25 principal.

At the October term, 1878, Langston moved the court that the said judgment of Roby *vs.* Langston and that of Langston *vs.* Roby be set off the one against the other, alleging the insolvency of Roby. On motion, C. W. Jordan, the attorney of record of Roby, was made a party. Messrs. Key & Preston, who alleged that they were attorneys, employed by said Roby to assist said Jordan to prosecute the suit, were also made parties, and the motion proceeded to trial.

The following evidence was introduced: A judgment in favor of D. M. Langston *vs.* Henry Roby, dated July 2d, 1878, for $48.25 principal; interest from October 1st, 1876; costs, $3.00.

The judgment of Roby *vs.* Langston, for $50.00 principal; interest from April 22d, 1878, and costs; rendered April 23d, 1878.

Proof of Roby's insolvency was made by Langston.

C. W. Jordan testified: He and Key & Preston were the attorneys who reduced to judgment the claim of Roby *vs.* Langston. The suit was originally for $200.00. Witness filed the writ, and before suit commenced agreed with Roby to take half the recovery as his fee. The case was tried twice in the county court and appealed, when the verdict and judgment for $50.00 were rendered. Roby then said that witness and Key & Preston could take the recovery as their fee, and that the entire judgment was not enough to pay them. Witness claims one-half the recovery for his fee.

John C. Key testified: Key & Preston were original coun-

sel, with C. W. Jordan, in suit of Roby *vs.* Langston. Their agreed fee was $20.00 for obtaining the judgment, and they claim as their property that amount of the judgment. After the judgment was obtained, plaintiff, Roby, stated to witness that the judgment was not more than enough to pay his lawyers, and that they might take the whole of it. Key & Preston now claim $20.00 of the judgment as their fee.

On the trial of said motion, the jury, under the charge of the court, returned a verdict crediting as a set-off on Roby's *fi. fa.*, $5.00. Langston moved for a new trial. Among the grounds of the motion were the following :

(1.) Because the verdict is contrary to law and evidence and without sufficient evidence to support it.

(2.) Because the court erred in holding and ruling that Langston was not entitled to have the judgment in his favor *vs.* Roby, set off against that of Roby, except as to the residue, if any after paying to C. W. Jordan the sum of $25.00, and to Key & Preston the sum of $20.00, out of the amount due upon the *fi. fa.* and judgment of Roby *vs.* Langston.

The motion was overruled, and Langston excepted.

G. T. & C. L. BARTLETT ; B. WHITFIELD, for plaintiff in error.

KEY & PRESTON ; C. W. JORDAN ; JACKSON & KING, for the defendant.

JACKSON, Chief Justice.

The question made in this case is, can a judgment junior by three months to another be set off against the other so as to extinguish counsel fees, or a lien for counsel fees upon the senior judgment, the senior judgment being rendered in a suit for tort, and the junior judgment on a cause of action arising *ex contractu ?*

The judgment *ex contractu* could be set off to that *ex*

*delicto* between the parties themselves, beyond all doubt; because the statute does not make the character of the judgment a condition to the right of set-off. The statute is, "one judgment may be set off against another, on motion, whether in the hands of an original party or of an assignee." So, if the two judgments be for money, it makes no difference what may have been the character of the right of action on which either was rendered. Nor between those parties would it matter which was senior or junior; for the statute is broad, and without reference to date, allows the one, on mere motion, to be set off against the other. Even if transferred, and the original parties be no longer at issue, but an assignee be pressing either, still, on motion, the set-off will be allowed; for the statute is explicit that it may be done, "whether in the hands of an original party or an assignee."

If, therefore, in this case, the counsel claimed that there could be no set-off because they were assignees of the judgment against which the other was to be set off, the statute would meet them in its explicit declaration that the assignment made no difference. As assignees they stand on no higher ground than if they had been the original plaintiffs, and it had been moved to set off a judgment against themselves.

So that they invoke their lien for fees upon the judgment which they obtained as counsel, and say that this lien attached to the judgment under section 1989 of the Code, and, therefore, the junior judgment could not be set off as to them.

By the statute of February, 1873, codified in that section, upon a moneyed judgment or decree, the lien is on that judgment or decree; upon a judgment or decree for property, it is on the property recovered. We deal in this case with judgments for money; and the statute enacts in respect to them that "they (the attorneys) shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until the lien or claim of the attorney for his fees is fully satis-

fied ; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

This is a lien on the judgment. Whatever the judgment is worth to that it attaches. Whatever the judgment covers, that the accompanying lien covers also. It extends to nothing over which the lien of the judgment does not extend, and the lien of the judgment does not extend over a judgment which the defendant to the first judgment holds against the plaintiff thereto. The two judgments are of equal dignity. The one extinguishes the other to the extent that its nominal value goes. To that extent it satisfies it by operation of law, and a motion in court applies that extinguishment or satisfaction to it. No person can do it as against the lien of these fees ; but the law can, and the court, on motion, can and does, by applying the law to the case. The defendant cannot satisfy it, by compromising or paying it or buying it ; but if he has a legal defence to it, other than his act of paying, or compromising, or purchasing it, he may set up such defences. The attorneys " have the same right and power" over the judgment, " to enforce their liens as their clients had or may have," no more no less. In the hands of their clients the judgment was subject to the defence of the set-off of another judgment, older or younger, founded on contract or tort. In the hands of the attorneys it is subject to the same defences. The defendant in execution may not satisfy it so as to defeat this lien by any arrangement with the plaintiff, but he may *bona fide* defend against the attorneys just as fully as against their clients, the original plaintiffs.

Suppose the judgment proposed to be set off were the senior, how unjust would it be to make the owner of that judgment pay one junior to it, when he held his own for a larger amount, and could not make a cent out of it except by setting it off against an insolvent, as is the case here—the other party being insolvent ! It would be to

make him pay his adversary's lawyers. What difference does it make if his judgment be junior? The statute makes none. If the junior judgment in such a case had been obtained by collusion with the other party to carry out a settlement in order to defeat the lien of the attor-neys, then, indeed, there might be a difference, and neither law nor equity would tolerate the fraudulent collusion to defeat the lien. If the fraud be perpetrated by a judgment, it makes no difference; for fraud vitiates all contracts, and creditors or *bona fide* purchasers may attack a judgment for fraud or collusion wherever it interferes with their rights, either at law or in equity. Code, §§3596, 2751.

But there is no pretence here of any collusion between these parties to defeat the attorneys. On the contrary, it looks more like an effort to enable the attorneys of an insolvent client to make their fees out of his solvent adversary; and the client, so far as appears in the record, is quite willing that it be done.

Justice, therefore, accords with our view of strict law, and the judgment must be reversed on the ground that the court erred in not allowing the set-off of the one judgment against the other.

Judgment reversed.

Cited for plaintiff in error: Code, §§3467, 3597; 49 *Ga.*, 254 · 6 *Ib.*, 515; 2 *Ib.*, 155; 1 A. K. March., 510; 3 Paige, 365; 1 Binney, 429; 32 *Ga.*, 302; 27 *Ib.*, 432; 48 *Ib.*, 431; 5 *Ib.*, 361; 9 *Ib.*, 397.

For defendant: Code, §§2902, 3467; 41 *Ga.*, 260; Code, §1989; 36 *Ga.*, 629; 39 *Ib.*, 310; 50 *Ib.*, 599; 41 *Ib.*, 320, 691; 45 *Ib.*, 169; 48 *Ib.*, 431; 51 *Ib.*, 94; 46 *Ib.*, 424, 434.