Caudle *vs.* Rice, assignee.

CAUDLE *vs.* RICE, assignee.

78 81
d110 538

1. When a defendant in a judgment obtained in the city court of Atlanta, thereafter purchased and had assigned to him a judgment alleged to have been previously obtained in the superior court against the plaintiff by another, and moved to set it off against the plaintiff's judgment; and where the plaintiff moved to set aside the judgment establishing as lost the judgment assigned, and thereupon the defendant withdrew his application to set off and filed an equitable answer to the motion to set aside, praying that the enforcement of the plaintiff's judgment be enjoined until the motion to set aside should be determined; and where the attorneys of the plaintiff appeared and showed that they had a half interest therein, the court should not have refused to permit them to be made parties, but should have required that they be so made.

2. Where a defendant, after the rendition of a judgment against him, purchased and had assigned to him a judgment previously obtained against the plaintiff by another, he could not set it off against the plaintiff's judgment so as to prevent the latter's attorneys from recovering their fees and to abrogate the lien of the attorneys for their fees. Therefore, if the interest of the attorneys appear, they should not be enjoined from using the judgment to obtain the fees to which they are entitled, pending a litigation between the parties as to the validity of the assigned judgment.

February 26, 1887.

Judgments. Parties. Set-off. Attorney and Client. Liens. Injunction. Practice in Superior Court. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1886.

Reported in the decision.

ARNOLD & ARNOLD, for plaintiff in error.

ABBOTT & SMITH, for defendant.

v 78-6

BLANDFORD, Justice.

Caudle obtained a judgment in the city court against Rice. Reuben Arnold and William Gay were his attorneys. Rice, after the judgment of Caudle had been obtained, purchased from Kimbro a judgment which, he alleges, Kimbro had obtained against Caudle. This latter judgment was obtained in the superior court. Rice applied to the city court to set off the judgment which he had purchased, against the judgment which Caudle had obtained against him. Pending this motion, Caudle appeared in the superior court and moved to set aside the judgment establishing the judgment of Kimbro against Caudle, upon the ground that no such judgment ever existed and the same had been improperly established by that court. Rice withdrew his application to set off the judgment which he had purchased against the judgment which Caudle had obtained against him, and appeared in answer to the motion of Caudle to set aside the established judgment of Kimbro against Caudle, and answered the same, and filed an equitable proceeding in which he alleged the foregoing facts, and prayed that the judgment which had been assigned to him by Kimbro should be set off against the judgment of Caudle, and also asked for an injunction to restrain Caudle from proceeding with his judgment until the motion to set aside the proceedings establishing the judgment which he had purchased from Kimbro was determined. Reuben Arnold and William Gay appeared and prayed to be made parties to the proceeding, alleging and showing to the court that they were the attorneys that procured the judgment of Caudle against Rice, and that they had a half interest in the same. The court refused this application of Arnold and Gay, and this is excepted to; and the injunction prayed for by Rice was granted, and this also is excepted to.

There are two questions made by this record:

1. Were Arnold and Gay interested in this litigation,

and should they have been made parties ? It is a general rule of equity practice that all persons interested in the litigation shall be made parties, to the end that full and complete justice be done between all the parties and persons interested. Equity delights to do justice upon the whole and not by part. We think that Arnold and Gay were interested and should have been made parties, and to that end the judge should have required Rice to amend his petition and to make them parties defendant to that suit. See 2 Daniel's Chancery Practice, 373 ; 4 *Ga.* 586; 6 *Ga.* 458 ; 11 *Ga.* 646. In 17 *Ga.* 223, this court affirmed an order of the superior court requiring the plaintiff in the bill to make certain persons parties thereto; and in 58 *Ga.* 328, this court, of its own motion, directed the complainant in a bill to amend the same and make certain persons parties to the same. So we think there was error in the ruling of the court below on this point.

2. The next point is, can Rice, as assignee of a judgment which he purchased after the judgment was rendered by Caudle against himself, set the same off so as to prevent the attorneys from recovering their fees, and to abrogate the lien of the attorneys for their fees? Section 1989 of the code provides that attorneys shall have a superior lien for their fees upon judgments recovered by them to all other liens, except for taxes. It will not be controverted that, if Caudle had assigned his judgment to a *bona fide* purchaser before Rice purchased the judgment of Kimbro against him, this latter judgment could not be set off against the judgment in the hands of the transferee ; or if Caudle had assigned an undivided half interest to a *bona fide* purchaser of this judgment in his favor against Rice, then Rice could not set off the judgment which he purchased from Kimbro against Caudle's judgment, as far as the assignee is concerned. What difference does it make whether Arnold and Gay are transferees of this judgment or not? They have a superior lien to all other liens, except taxes. They acquired this lien by their skill and labor. They certainly

occupy as high a position as a *bona fide* purchaser. Indeed, they are to be viewed in the same light. The case in 68 *Ga.* 406, *Langston vs. Roby et al.*, is relied on by the defendant in error as authority to sustain the position that the judgment of Rice, assignee of Kimbro, can be set off against the judgment of Caudle against Rice, even though it may extinguish the lien of Arnold and Gay, the attorneys who procured the judgment. But it will be seen, by a comparison of that case with this, that they stand upon a different footing; and that case will not be extended beyond its facts. We think it is quite clear in this case that this judgment purchased by Rice cannot be set off against the judgment of Caudle against Rice, so as to interfere with the lien of the attorneys. See 18 N. Y. 368; 1 Tenn. Rep. 123; 4 N. Hamp. 347; 62 Maine 286; 86 Ind. 172; 9 Bush. (Ky.) 659; 8 Fla. 183; 4 Cowen, 416; 38 Ala. 827; 5 Day, 163; 1 Paige Chan. 672. We think that these authorities abundantly sustain what we have said.

When Arnold and Gay are made parties to this proceeding, and the court is satisfied that they have an interest in this judgment, no injunction should be granted against them to prevent their using the judgment to obtain the fees to which they are entitled.

Judgment reversed.