## SMITH *v.* EVANS.

This case upon its facts is controlled by the ruling made in the case of *Langston* v. *Roby*, 68 *Ga.* 406.

Argued March 13.— Decided April 10, 1900.

Equitable petition. Before Judge Russell. Gwinnett superior court. March term, 1899.

*N. L. Hutchins, T. M. Peeples, C. H. Brand,* and *N. L. Hutchins Jr.,* for plaintiff in error.
*Juhan & McDonald,* contra.

COBB, J. On May 24, 1894, Smith recovered a judgment against Evans, in an action ex delicto, for the sum of $200. On March 4, 1895, Evans recovered a judgment against Smith for $686, besides interest, in an action brought upon a promissory note which Evans had purchased while the suit in which Smith

had recovered a judgment against him was pending. On May 4, 1895, Evans filed an equitable petition against Smith, praying that his judgment might be set off against the judgment which Smith had recovered against him, it being alleged that Smith was insolvent. To this petition the defendant Smith filed an answer. C. H. Brand, T. M. Peeples, and W. H. Hulsey filed an intervention in the case, in which they set up that they were the attorneys of Smith in the suit against Evans, and as such had a lien upon the judgment for their fee, and prayed that a decree be entered that the lien for their fee was superior to the defendant's right of set-off. By consent of the parties the case was heard by the judge without the intervention of a jury, and, the evidence having disclosed the facts above recited, the judge entered a decree that the judgment in favor of Evans be set off against the judgment in favor of Smith. To this judgment the defendant and the intervenors excepted.

This case is controlled by the ruling made in the case of *Langston* v. *Roby,* 68 *Ga.* 406. In that case it was held that the right of setting off one judgment against another is conferred by express statute, and may be exercised although the result may be an extinguishment of the judgment, and thereby the attorney may lose the power of enforcing it for his fee. It appeared in that case that Roby had recovered a judgment against Langston in April, 1878, in an action ex delicto, and that Langston had on July 2, 1878, recovered against Roby, who was insolvent, a judgment on an account which was due in 1876. The attorney of Roby was made a party, and objected to Langston's judgment being set off against Roby's in so far as it interfered with the attorney's lien for his fee. The motion to set off the judgments was denied, and upon writ of error that judgment was reversed by this court. Counsel for plaintiff in error in the present case contend that that case differs materially from this, for the reason that Langston held the claim against Roby at the time that Roby's suit against him was commenced, and that for this reason Langston had an equitable right of set-off before the attorney's lien attached to Roby's suit; whereas in the present case Evans acquired his claim against Smith while the latter's suit was pending, and after the lien of Smith's attorneys had at-

tached thereto.   The difficulty about counsel's contention is that it does not appear in the record in the *Langston* case that Langston held the claim against Roby at the time the latter's suit. against him was commenced.   It does appear that he held the claim at the time that Roby's judgment was rendered, but it does not appear anywhere in the record when Roby's suit was begun. That case is, therefore, authority for the proposition, that one judgment may be set off against another, although the effect of such set-off may be to destroy the lien of the attorney for his fee, notwithstanding such judgment was based on a claim acquired during the pendency of the suit in which the other judgment was recovered.   The decision is based upon the broad proposition, that the statute confers the right to have one judgment set off against another, and that this right of the defendant in the judgment is superior to the right of the attorney for the plaintiff in the judgment to control it for the purpose of enforcing the payment of his fee.   In the case of *Caudle* v. *Rice*, *78 Ga.* 81, it was held that after a judgment had been rendered the defendant therein could not buy up a judgment against the plaintiff and have the same set off so as to defeat the lien of the attorney on the first judgment.   It is impossible to reconcile these two ·decisions upon principle.   The latter decision is in line with the argument made by counsel for the plaintiff in the present case, but the decision in *Langston* v. *Roby* is directly controlling, and must be followed.

*Judgment affirmed.   All the Justices concurring.*