SHEFFIELD *v.* PREACHER *et al.*

No. 8782. SEPTEMBER 17, 1932.

*McElreath & Scott,* for plaintiff in error.

*Hendrix & Buchanan* and *George & John L. Westmoreland,* contra.

BELL, J.   This was a suit in equity to enjoin the enforcement of a judgment existing against the plaintiff and claimed by another as assignee, and to subject the same to a set-off in virtue of three other judgments existing against the plaintiff in the judgment first referred to and held by the plaintiff as assignee.   The case is here upon exceptions to a judgment in favor of the plaintiff.   E. W. Romberger obtained a judgment against G. Lloyd Preacher, in the municipal court of Atlanta, on March 31, 1930, for $1299.   This judgment was transferred to I. M. Sheffield on June 30, 1930, and on the same date Preacher was given notice of this assignment and furnished with a copy thereof.   The assignment was bona fide and was based upon a consideration of $400.   Preacher, however, was prosecuting an appeal at the time of this assignment, and carried the case by certiorari to the superior court, where, on February 10, 1931, a final judgment was rendered in favor of E. W. Romberger and against G. Lloyd Preacher as principal, and National Surety Company, "the security on the bond in certiorari," for the same amount of principal, and for additional sums as interest and costs. This is the judgment against which the right to offset was claimed by the plaintiff.   On May 6, 1931, G. Lloyd Preacher purchased three judgments which were existing in favor of different parties and against E. W. Romberger, representing an aggregate sum of about $600, each of which antedated the final judgment of Romberger against Preacher as described above.   After purchasing these three judgments, Preacher paid to J. I. Lowry as sheriff the difference between the amount of these judgments and that of Romberger against himself, and then brought this suit for the purpose of offsetting the balance and to enjoin the enforcement of the Romberger judgment.   The parties defendant to this suit were J. I. Lowry, sheriff, E. W. Romberger, and I. M. Sheffield, assignee.

The court granted a restraining order and a rule nisi.   At the hearing, the above facts being established without dispute by the evidence, the judge rendered a judgment allowing the set-off; whereupon Sheffield excepted.

■ Preacher purchased and had assigned to him three judgments rendered in favor of different parties against Romberger, and aggregating about $600. Preacher after paying the difference in cash placed these judgments in opposition to a judgment rendered in favor of Romberger against himself for $1299. He is claiming the right of set-off, and is seeking the aid of a court of equity. The judgment against which the right of set-off is claimed was rendered in the superior court on a petition for certiorari. It is claimed that Sheffield is not the owner of this judgment, and therefore is not in a position to resist the set-off. The point is made in behalf of Preacher that Sheffield's assignment was in relation only to the judgment rendered by the municipal court; whereas the final judgment against which the set-off is claimed was rendered by the superior court on certiorari. Whether or not Sheffield should be considered as the legal owner of this judgment, it is clear that in virtue of the assignment of the prior judgment which culminated therein, he was the equitable owner of the final judgment; and Preacher, being in a court of equity, must respect the equities of his adversary. Civil Code (1910), § 4521; 25 Am. & Eng. Enc. Law (2d ed.), 616; 34 C. J. 706.

■ The judgments purchased by the plaintiff and now sought to be used as a set-off were in existence when the judgment was rendered against the plaintiff in favor of Romberger. They were also in existence at the time the latter judgment was assigned to Sheffield. They were not judgments in favor of this plaintiff, however, and neither did the plaintiff acquire them until after the assignment to Sheffield. While the claim of Sheffield as assignee of the Romberger judgment was subject to such equities and defenses as may have existed in favor of Preacher against Romberger at the time of the assignment, it was not subject to rights which did not then exist in Preacher's favor, and of which he did not become possessed until some later time, as by the purchase of the judgments which he is now attempting to assert by way of set-off. Having no right of set-off at the time Sheffield purchased the judgment against him, he could not subsequently acquire this right so as to defeat the claim of Sheffield. Any other rule would tend to destroy the salability of judgments, which by the law are expressly made assignable upon certain conditions. Civil Code (1910), §§ 4274, 4342, 5670, 5969; *Bemis* v. *Simpson*, 2 *Ga. Dec.* 224; *Colquitt* v. *Bonner*, 2 *Ga.*

155; *Wellborn* v. *Bonner,* 9 *Ga.* 82; *Rawson* v. *McJunkins,* 27 *Ga.* 432; *Western National Bank* v. *Maverick National Bank,* 90 *Ga.* 339 (16 S. E. 942, 35 Am. St. R. 210); 34 C. J. 712. See also the notes in 23 L. R. A. 335, and L. R. A. 1917F, 1006. Moreover, the demands must be mutual, in order to be set off against each other. Civil Code (1910), §§ 4340, 4341, 5668; *Davis* v. *Hadden,* 115 *Ga.* 466 (41 S. E. 608); *Nix* v. *Ellis,* 118 *Ga.* 345 (45 S. E. 404, 98 Am. St. R. 111). "Set-off ex vi termini implies reciprocal demands existing between the same persons at the same time." 24 R. C. L. 858, § 62. "The basis of the right to set off judgments is not different from the right to set off mutual claims of any kind." 15 R. C. L. 820, § 287. We quote further from the same work (779, § 233) as follows: "Since a judgment is an assignable chose in action, the assignee takes it subject to and charged with all the equities which could be asserted against it in the hands of the assignor at the time of the assignment. A purchaser and assignee of a judgment, even for valuable consideration and without notice, takes it subject to a right of set-off existing at the time of the assignment." See also Civil Code (1910), §§ 3653, 5948; *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393). The judgments purchased by Preacher did not at any time possess the essential element of mutuality as respects the judgment of Romberger against him, because the latter judgment was transferred to Sheffield before the other judgments were assigned to Preacher. In other words, Preacher did not at any time have a claim against Romberger concurrently with the existence of a claim in the hands of Romberger against Preacher. The judgments did not at any time stand in opposition to each other in the hands of the persons entitled to collect them respectively, and were therefore never properly aligned for a set-off. From the decision in *Parker* v. *Planters Bank,* 142 *Ga.* 160 (82 S. E. 556), it would seem that after the assignment of a judgment, and especially after notice thereof, the judgment debtor would act at his peril in paying the amount of the judgment to the original plaintiff in fi. fa. How, then, could the judgment debtor, after notice of such assignment, go out and buy a judgment against his judgment creditor and bring it in as the basis of a set-off?

The mere naked right of Preacher to purchase judgments against Romberger in case of his ability to procure the same was not an

equity against the latter, any more than the right of Preacher to purchase any other property whatsoever or to do any other act which he was authorized to do under the law. Hence, the fact that judgments had been rendered against Romberger at the time the judgment of Romberger against Preacher was assigned to Sheffield, coupled with the possibility that these judgments would be purchased by Preacher, did not constitute an equity in favor of Preacher against Romberger. The judgments were held by strangers at the time of the assignment to Sheffield, and therefore amounted to no more than equities of *strangers*. In *Parker* v. *Planters Bank,* supra, it is pointed out that section 5969, relating to transfers of judgments, is silent as to any requirement of notice to "the person liable," but provides simply that the transferee shall have the same rights and be liable to the same equities and subject to the same defenses "as the original plaintiff in the judgment was." The opinion then goes on to state that "the equities protected, irrespective of notice, were equities between the parties to the judgment," and not in favor of strangers to the judgment, as to whose names and interest the record is silent. The plaintiff is proposing a set-off upon the basis of equities which existed, not in his own favor, but in favor of strangers at the time of the assignment, and which were subsequently acquired by him. Such equities in favor of strangers were not protected against the assignment, and protection is not extended to them merely because they have been finally sold and transferred to the judgment debtor of the party against whom these judgments were rendered.

One reason urged against the right of set-off was that the judgment of Romberger against Preacher was subject to a lien for the fees of the attorneys for the plaintiff therein. This contention must fail, under the decisions in *Langston* v. *Roby,* 68 *Ga.* 406, and *Odom* v. *Attaway,* 173 *Ga.* 883 (162 S. E. 279). But there are other and broader principles upon which it must be held that the set-off was not allowable. As to the application of these principles, the present case is distinguished by its facts from *Odom* v. *Attaway,* supra. In that case, while the judgment of Mrs. Attaway against Odom was recovered after the assignment of the judgment of Odom against Mrs. Attaway, the cause of action upon which the judgment of Mrs. Attaway was predicated existed at the time of the assignment of the other judgment, so that the assignee of the Odom

724

judgment acquired the same at a time when the equities were existing in favor of Mrs. Attaway, although such equities were not reduced to judgment until a later date.

The plaintiff was not entitled to injunction nor to set-off, and the court erred in rendering judgment in his favor upon these issues.  *Judgment reversed.  All the Justices concur.*