## 2347.  WATTERS v. WELLS.

A sued B in a justice's court, and pending the suit C garnished B, requiring
him to answer what he owed A.  B answered denying indebtedness to
A, and C traversed the answer.  A subsequently obtained a judgment
against B, and A's attorney instructed the justice to enter a judgment
in favor of C against B for the amount of the judgment which A had
obtained against B, and B paid C's judgment.  *Held:* (1) The payment
by B of C's judgment discharged him from liability on the judgment
against him in favor of A.  (2) The judgment in favor of A against B
having been satisfied, the execution issued thereon could not be enforced
against B for the benefit of A's attorneys.  (3) A's attorneys having
directed that judgment be entered in favor of C against B for the full
amount of the judgment which A had recovered against B, they were
estopped from enforcing A's judgment against B for fees.

Appeal; from Floyd superior court—Judge Wright.  November
17, 1909.

Argued February 24,—Decided June 14, 1910.

*R. A. Denny, Nathan Harris,* for plaintiff in error.

*George A. H. Harris & Son,* contra.

HILL, C. J.   An execution from a justice's court in favor of
Wells against Watters was levied on personal property.   Watters
filed an affidavit of illegality, setting up payment of the fi. fa.
Upon the trial it appeared that, pending the suit brought by Wells
against Watters in the justice's court, and before judgment had
been obtained therein against Watters, Doss had garnishment pro-
ceedings served on Watters requiring him to answer what he owed
Wells.   Watters answered the garnishment, denying indebtedness,
and this answer was traversed by Doss.   Subsequently a judgment
was entered in the suit by Wells against Watters for $71.93.   After
this judgment, which concluded the issue on the garnishment in
favor of the traverse, Wells' attorney instructed the justice of the
peace to enter a judgment in favor of Doss, garnishing creditor,
against Watters for the full amount of the judgment in favor of
Wells and against Watters, and judgment was thereupon entered
in favor of Doss against Watters for $71.93.   After this payment
the fi. fa. of Wells against Watters was levied for "the purpose only
of prosecuting the levy for the attorneys' fees in the case," and the
court instructed the jury to find for Wells, for the use of his at-
torneys, the sum of $20.   Watters' motion for a new trial was
overruled, and he excepts.

Watters, having paid the principal and interest on the Doss judgment, claimed that it satisfied the principal and interest of the Wells judgment. In other words, he insisted that there had been no settlement by him of the fi. fa. with Wells, but that the payment of the judgment in favor of the garnishee by him fully satisfied the judgment in favor of Wells against him; or, to express it differently, he claimed that he had simply set off one judgment against the other, and that this he had a right to do. He also insisted that as the judgment in favor of the garnishee was entered against him by direction of Wells' attorneys, the attorneys were estopped from enforcing the judgment in favor of Wells against him for their fee. Section 2814 of the Civil Code of 1895 prohibits the settlement of a fi. fa. or judgment by the defendant with the plaintiff in fi. fa. so as to defeat the fees of the attorneys for the plaintiff; but under the facts of this case, it seems to us that Watters, defendant in fi. fa. in the suit of Wells, did not settle the fi. fa. with Wells. Watters owed Wells, and Wells owed Doss. Watters, by consent of Wells' attorneys, paid the debt which Wells owed to Doss, garnishing creditor. Under the facts of this case Watters, the defendant in fi. fa., was compelled at his peril to settle the garnishment debt, and the payment by him of the judgment for that debt was a complete satisfaction of the judgment in favor of Wells, the original plaintiff in fi. fa. We think the case is controlled by the principle announced in *Langston* v. *Roby*, 68 *Ga.* 406, that "while parties can not settle a judgment so as to avoid the lien of the plaintiff's attorney for his fee, yet the right of setting off one judgment against another is conferred by express statute, and may be exercised although the practical result may be an extinguishment of such judgment in whole or in part, and thereby the attorney may lose the power of enforcing it for his fee." See also *Smith* v. *Evans*, 110 *Ga.* 536 (35 S. E. 633).

We think also that the attorney for Wells was estopped from prosecuting the fi. fa. against Watters for his fee, because he had himself directed the justice to enter judgment in favor of Doss, the garnishing creditor, against Watters for the full amount due from Watters to Wells. This was in effect a payment by Watters of the Wells fi. fa. against him under the direction of Wells' attorney. The judgment in favor of Wells against Watters having thus been paid by Watters, in the payment by him of Doss's claim

against Wells, the fi. fa. issued thereon could not be prosecuted for any purpose.                              *Judgment reversed.*