## PARKER *v.* PLANTERS BANK OF AMERICUS.

1. An execution issued upon a judgment of foreclosure of a mortgage on realty was levied, and a claim was interposed. The claimant agreed with the plaintiff to buy the execution. It was transferred to him; he gave a note to the plaintiff, and retransferred the execution, by an assignment written on a separate paper, to the original plaintiff to secure the note, also delivering the possession of the execution. On his failure to pay the note according to its terms, the holder of the execution proceeded to have it enforced against the land. The defendant in execution filed an affidavit of illegality, claiming that it had been fully paid. The evidence relied on to sustain the illegality tended to show payment· to the claimant of the land after the purchase of the execution by him and its retransfer to· the original plaintiff, and without its production. *Held,* that if the defendant in execution paid the amount thereof to the claimant after the latter had retransferred the execution to the original plaintiff as security and while the latter had the possession and control of it, he did so at his peril, although he may not have known of such retransfer; and if the person to whom the payment was made was not authorized to receive the money, payment to him would not affect the rights of the owner and holder, who did not receive it.
2. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

JULY 24, 1914.

Illegality of execution.  Before Judge Littlejohn.  Sumter superior court.  January 17, 1913.

An execution based on the foreclosure of a mortgage on realty was levied on the ·mortgaged property. The defendant interposed an affidavit of illegality, on the ground that the amount thereof had been fully paid and the execution had been discharged. There was evidence tending to show, that a levy had been made upon the property, to which a claim had been interposed; that an agreement was made between the plaintiff in fi. fa. and the claimant, by which the latter purchased the mortgage fi. fa. and also a common-law fi. fa.; that the plaintiff in fi. fa. transferred the executions to the claimant, took ·from him a note for an agreed amount, and on the

same day took a retransfer of the executions as security for the note; that a payment of $214.53 was received and credited; that subsequently, on failure of further payment to it, the holder of the mortgage fi. fa. proceeded to collect the balance by causing a levy to be made on the land; and that in the meantime one of the defendants in fi. fa. had made payments to the claimant, having been informed that the transfer had been made to the claimant, but not knowing that the latter had retransferred the execution to the original plaintiff in fi. fa. as a security. The evidence was not altogether clear as to whether the payments made by the defendant in fi. fa. to the claimant were sufficient to discharge it, or whether he acted without notice of the retransfer of the fi. fa. as security. But this becomes immaterial as a question of fact; because the court charged that if the defendant in execution paid the amount of it to the claimant, who was not in possession of it at that time, but had previously transferred it to the original plaintiff, who was in possession of it, such a payment would be at the risk of the defendant who made it, and would not be binding upon the holder of the execution, unless it should appear that the person making the collection was authorized by the holder to do so. This was the controlling point in the case. The jury found against the affidavit of illegality. A motion for a new trial was overruled, and the defendant in fi. fa. excepted.

*L. J. Blalock* and *Shipp & Sheppard,* for plaintiff in error.

*R. L. Maynard,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. At common law neither choses in action generally (not including negotiable instruments in that expression) nor judgments could be so assigned as to vest the legal title in the assignee and authorize him to enforce them in his own name. He acquired an equitable interest, but the enforcement of the right had to be in the name of the assignor. By the Civil Code (1910), § 3653, it is provided that "All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable securities, subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment is given to the person liable." By section 4274 it is declared that all bonds, specialties, or other contracts in writing for the payment of money for any article of property, and

all judgments and executions from any court in this State, are negotiable by indorsement, or written assignment, in the same manner as bills of exchange and promissory notes; and that no indorsement or assignment need be under seal. By section 5969, it is further declared that "Any plaintiff or transferee may bona fide, and for a valuable consideration, transfer any judgment or execution to a third person, and in all cases the transferee of any judgment or execution shall have the same rights, and be liable to the same equities, and subject to the same defenses as the original plaintiff in judgment was." It will be observed that the language in regard to the assignment of choses in action arising upon contract and the transfer of judgments is not identical. In regard to the former it is provided that the assignee shall take subject to the equities existing between the assignor and debtor at the time of the assignment, "and until notice of the assignment is given to the person liable." In the section dealing with transfers of judgments or executions these quoted words are not used, but it is provided that the transferee shall have the same rights and be liable to the same equities and subject to the same defenses "as the original plaintiff in judgment was." The equities protected, irrespective of notice, were equities between the parties to the judgment, and not those in favor of strangers to the judgment, as to whose names and interest the record may be silent. *Western National Bank* v. *Maverick National Bank*, 90 *Ga.* 339, 344, 346 (16 S. E. 942, 35 Am. St. R. 210). In *Robinson* v. *Schly*, 6 *Ga.* 515, it is held, that where an execution has been levied on property which is claimed by a third person, and the claimant seeks to show that the judgment has been satisfied, he must prove that the payment has been made to the plaintiff in fi. fa., or the person holding the legal control under him. If he had notice of the transfer from the plaintiff in fi. fa., payment to the latter would not suffice. In some jurisdictions it is held that notice to the defendant in fi. fa. of a transfer by the original plaintiff is necessary to complete the right of the transferee and prevent payment to the original plaintiff from being sufficient; but this question is not here involved. Payment was not made to the original plaintiff in fi. fa., who also held the title to the execution by retransfer, but was made to a person to whom it was transferred and who had retransferred it before payment was made. It does not appear that this person was authorized

to make the collection, or that the payments found their way to the owner; nor does it appear that the fi. fa. was in the custody or possession of such person when the payment was made. Thus the defendant made payments, not to the holder or owner of the execution, but to one who had for a very brief period been the transferee thereof before he made a retransfer of it. In making such payments the defendant in execution took the risk of the authority of the person to whom he made them to receive them. That the defendant in execution knew of the proposed purchase of the execution by the claimant, and was informed that a transfer had been made to such claimant, but did not know of the retransfer to the original plaintiff as security, would not alone protect him. There was no plea or evidence setting up any estoppel on the part of the holder of the execution. The charge of the court was in substantial accord with what has been said above, and was not erroneous.

2.  The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concur.*